IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY ASHTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:16-cv-02831 <br><br> Judge Crenshaw <br><br> Magistrate Judge Holmes |

### INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on January 5, 2017. Counsel appearing were Christopher Boiano for Plaintiff and Brian Epling for Defendant. From the proposed Initial Case Management Order submitted by the parties (Docket No. 18) and discussion at the initial case management conference, and pursuant to Local Rule 16.01(d), the following case management plan is adopted.

A. JURISDICTION:

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446—that is, the Court maintains diversity jurisdiction because Plaintiff and BANA have complete diversity of citizenship and the amount in controversy exceeds $75,000.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff:

In April 2016, Plaintiff filed her 2015 federal tax return with the IRS and elected to receive her tax refund via direct deposit into her checking account at BANA. Approximately one (1) week after filing her return, Plaintiff received notification that the IRS processed her return and was

sending her refund to BANA for deposit into her checking account. Plaintiff subsequently reviewed her account to confirm delivery of her refund but was unable to confirm the funds were deposited. Plaintiff called BANA multiple times and was told by BANA that it never received her tax refund and that there was nothing to investigate.

Over the next several months, Plaintiff spent countless hours on the phone with officials from the IRS and BANA trying to determine what happened to refund. From April 2016 to June 2016, BANA maintained the position it could not assist Plaintiff or investigate the situation because it never received Plaintiff's refund from the IRS. In July 2016, after Plaintiff filed a complaint with the Consumer Financial Protection Bureau, an agent for BANA changed BANA's position regarding Plaintiffs refund stating that BANA received the funds and that someone at BANA made the decision to alter the account information BANA received from the IRS and deposited Plaintiff's tax return into another customer's account.

As of filing this action, Plaintiff has confirmation from the IRS that BANA received Plaintiffs refund with her correct account information. Plaintiff, however, does not know what BANA did with her tax refund after receiving the funds from the IRS. BANA, in its Motion to Dismiss, is attempting to shift blame for the entire incident to the IRS, citing an error committed by the IRS, so it can assert a federal regulation, 31 C.F.R. § 210.8, as grounds for dismissal of Plaintiffs lawsuit. BANA's reliance on 31 C.F.R. § 210.8 is misplaced because Plaintiff has never alleged that the IRS committed any error. Plaintiff's is alleging BANA or an agent for BANA intentionally or recklessly stole, misplaced, or misappropriated Plaintiff's tax refund and does not allege any fault to the IRS.

For Defendant:

BANA contends that this Plaintiff's claims arise out of errors committed by the Internal Revenue Service ("IRS") in attempting to electronically transmit Plaintiff's $1,036 tax refund to

her bank account with BANA. Plaintiff's Complaint alleges that the IRS used two letter OO's instead of numerical 00's for Plaintiff's account number when it electronically transmitted the tax refund to Plaintiff's account. The IRS's error, in turn, caused the tax refund to be deposited into another customer's bank account. Despite error on the part of the IRS, Plaintiff asserts multiple claims against BANA. BANA asserts that the federal regulations applicable to federal wire transfers, 31 C.F.R. § 210.8, specifically prevent third-party liability against BANA when errors were committed by the IRS in electronically transmitting money to financial institutions. BANA also asserts that each of Plaintiff's claims—irrespective of the preemptive effect of the federal regulation—fail to state a claim, as explained in BANA's motion to dismiss.

C. ISSUES RESOLVED

The parties do not dispute that jurisdiction and venue are proper. The parties have not resolved any other issues, including without limitation, liability and damages.

D. ISSUES STILL IN DISPUTE:
1. Whether BANA is liable to Plaintiff for failing to deposit her tax refund into her checking account after BANA received Plaintiff's tax refund from the IRS.

E. INITIAL DISCLOSURES:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **February 6, 2017**.

F. CASE RESOLUTION PLAN AND JOINT CASE RESOLUTION STATUS REPORTS:

Within 90 days of the initial case management conference, the parties shall attempt case resolution through informal settlement discussions and a judicial settlement conference. By separate order, this matter is referred to Magistrate Judge John Bryant for a settlement conference. By no later than **March 6, 2017**, the parties shall submit a joint report to advise the Court that the parties made

a good faith effort to resolve the case. If this case is resolved prior to that date, no joint report is necessary. Or, if a judicial settlement conference is scheduled for some time in March, and no settlement is reached, the parties shall file a joint status report within 14 days of the conclusion of the settlement conference. The joint report shall also detail the parties' proposed second attempt at case resolution, which shall occur before September 8, 2017. By no later than **September 8, 2017**, the parties shall file a second joint report, confirming their second attempt at case resolution.

G. DISCOVERY:

Written discovery shall be served no later than **August 31, 2017**. The parties shall complete all written discovery and depose all fact witnesses on or before **October 5, 2017**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith efforts shall be brought promptly to the attention of the Magistrate Judge either by a request for a telephonic discovery conference or the filing of a motion, and all discovery-related motions shall be filed by no later than **October 19, 2017**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H.  MOTIONS TO AMEND OR TO ADD PARTIES:

Any motions to amend or to add parties shall be filed by no later than **May 19, 2017**.

I.  DISCLOSURE OF EXPERTS:

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 10, 2017**.

The defendant shall identify and disclose all expert witnesses and reports on or before **August 9, 2017**.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(6.d).

J.  DEPOSITIONS OF EXPERT WITNESSES:

All experts shall be deposed by no later than **September 8, 2017**.

K.  SUBSEQUENT CASE MANAGEMENT CONFERENCE:

A subsequent telephonic case management conference shall be held on **Wednesday, August 9, 2017, at 10:00 a.m.**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

L.  DISPOSITIVE MOTIONS:

Dispositive motions shall be filed by no later than **November 6, 2017**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional

replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY:

The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

N. **Modification of Case Management Order:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline, unless the motion is a joint motion of all parties. The motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2.f) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.

O. **Requests to Seal Documents or Portions of Documents:**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The JURY trial of this action is expected to last approximately **3** days. A trial date no earlier than **April 17, 2018** is respectfully requested.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge